## WADE et al. v. ROBINSON.

1. The statute allowing discontinuances as to persons not served with process, extends to warrants issued by magistrates.
2. Such discontinuance may be entered in the Circuit Court after appeal.
3. Under this statute, judgement may be rendered against any number of joint defendants.

Abner Robinson sued out a warrant in 1823, in Madison county, against Francis L. Adams, D. Wade, and G. Terry, which was served on Wade and Terry only. A general judgement by default was rendered by the justice for the plaintiff, from which Wade and Terry appealed to the Circuit Court, and gave B. Reynolds for security. In the Circuit Court, judgement by default was

rendered for the plaintiff against the appellants and their security, without any statement being filed by the plaintiff. The cause passed to the Supreme Court and back several times, and finally the judgement of the Circuit Court was reversed, and the cause remanded for further proceedings in the Circuit Court. Robinson then filed his statement against Adams, Wade, and Terry, on a note. At the fall term 1826, the cause was continued, and at the spring term, 1827, by leave of the Court, the plaintiff discontinued his suit as to Adams, on whom the process was not served. Wade and Terry then demurred to the plaintiff's statement, which demurrer the Court overruled, and issue was joined on the plea of payment. The plaintiff then gave in evidence to the jury, the note, which was under seal, made by Adams, Wade, and Terry, dated the 15th April, 1822, at twelve months, payable to J. Vining, administrator, and by him assigned to the plaintiff. The defendants demurred to the evidence, and judgement was given on it against Wade, Terry, and Reynolds, their security in the appeal; and they again brought the cause here by writ of error.

There were many errors assigned; those mainly relied on are, 1st. That the Court permitted the discontinuance as to Adams. 2d. That the demurrer to the evidence was overruled. 3d. That it being a joint contract by three, the action cannot be maintained against two, the recovery being neither joint nor several.

URQUHART, for the plaintiffs in error.

BRANDON, for the defendant.

JUDGE WHITE delivered the opinion of the Court.

It is mainly relied on as an assignment of error, that the statute of 1818, " authorizing discontinuances against any one or more joint defendants on whom a writ may not have been executed, does not include warrants expressly; and it is urged that they are not writs; that the provisions of the statute do not reach this case, and therefore that the discontinuance entered in the Circuit Court was error. We are of a different opinion; we think that a warrant is, at least to the purpose of this question, a writ, and of course included within the true meaning of said statute, which was intended to extend to all process by which defendants are usually brought to answer civil complaints on joint notes, bonds, &c.

*a Laws Ala. 449.*

The next error urged by the plaintiffs' counsel is this: JANUARY 1828. that notwithstanding our statute makes all joint notes, bonds, &c. joint and several, yet as it is a principle of the common law, that where there are three or more obligors to a joint and several bond, one must be sued or all; so in this case the suit could not progress to judgement without error against but two only of the persons bound in the note. This would be correct reasoning, and a correct conclusion, but for the circumstance that the common law is totally altered in this respect by the provisions of the statute of 1818. [a] The first section of this statute, after declaring all joint bonds, notes, &c. to be joint and several, expressly authorizes suit to be commenced and prosecuted to judgement against any one or more obligors, &c. in such joint bonds, notes, &c. And the second section of the same act provides that when a writ is sued out against any two or more joint and several obligors, &c. it shall be lawful for the plaintiff or his attorney, at any time after the return of said writ, or alias writ, to discontinue his action against any one or more of the defendants on whom such writ may not have been executed. This statute then decides the case, and shews that the errors relied on cannot be sustained. The judgement must therefore be affirmed. And in this opinion the whole Court concur.

JUDGE TAYLOR not sitting.